309 So.2d 393 (1975)
RADIOPHONE SERVICE, INC., Plaintiff-Appellant,
v.
CROWSON WELL SERVICE, INC., Defendant-Appellee (two cases).
Nos. 12559, 12560.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1975.
Rehearing Denied April 1, 1975.
Stephen R. Burke, Minden, for plaintiff-appellant.
Feist, Schober & Howell by James Fleet Howell, Shreveport, for defendant-appellee.
Before BOLIN, HALL and DENNIS, JJ.
En Banc. Rehearing Denied April 1, 1975.
BOLIN, Judge.
These two suits, consolidated for trial and appeal, each has as its object the recovery of past due rentals allegedly due under a lease contract. In addition, the first suit sought recission of the lease contract, to be effective September 1, 1971. The cases were tried on the pleadings, a stipulation of facts and documentary evidence. No written reasons were given by the trial judge who rendered one judgment in the consolidated cases in favor of plaintiff for $675, the amount claimed to be due in the first suit, and $100 attorney's fees. Plaintiff appeals and we affirm the judgment.
Plaintiff, owner of a radio tower, granted defendant a three-year written lease commencing December 1, 1969, whereby defendant was permitted to use plaintiff's tower to install and operate its radio communications equipment. It was agreed the monthly rental would be $75.00.
On August 11, 1971, plaintiff filed the first of these two suits seeking the payment of $675 past due rent, $350 in attorney's fees and recission of the lease contract as of September 1, 1971, on the ground of nonpayment of rent. The demand *394 for recission was based on the following provision of the lease, which is quoted in the petition as follows:
"In the event of Lessee's default in the payment of rentals or Lessee's failure to comply with any other provision of this lease, Lessor may at its option terminate this lease without affecting its right to sue for all past due rentals and any other damages to which Lessor may be lawfully entitled. Should Lessor be forced to collect said rentals or damages through its attorney or by other legal procedures, Lessor shall be entitled to its reasonable costs and attorney fees thereby incurred."
Petitioner alleged the defendant failed to pay its rent for the month of December, 1970, and despite amicable demand has made no further rental payments. In conclusion, plaintiff prayed "that there be judgment in favor of petitioner and against defendant declaring the written lease, which form the basis of this action, to be terminated as of September 1, 1971." Attached to and served with this petition was a "Request for Admissions of Fact", in which plaintiff requested defendant to admit or deny that the above described lease agreement provided it could be terminated at the option of the Lessor in the event the Lessee defaulted on his monthly payments.
In the meantime, on November 10, 1970, defendant Crowson Well Service had written to Radiophone Service advising as follows:
"This is your notification to curtail our radio tower service in the future. We removed our equipment from your tower the first of November.
"We appreciate the service you rendered us in the past but find that we no longer need the coverage your tower gave us since we have gone out of the public contracting business and are now operating production only."
Filed in the record are two checks drawn by Crowson Well Service, Inc., in favor of Radiophone Service, Inc., reflecting tender of a check date September 9, 1971, in the amount of $675, and a check dated October 15, 1971 for $75.00. These checks respectively carried the notations, "Balance requested by Radiophone Service, Inc., to cancel contract for tower rent" and "payment of reasonable attorneys fees for case # 203771". This tender was apparently rejected and on September 13, 1971, Radiophone filed an amended petition deleting the allegation relative to recission and reiterating the other demands of the original petition.
Defendant filed its answer October 8, 1971, in which it denied the allegations of plaintiff's original and amended petitions, averring that the lease agreement is the best evidence of its contents and speaks for itself; that the $675 check tendered after suit filed had been retained by plaintiff.
Prior to trial, on January 2, 1972, a second suit was filed which was amended on August 12, 1974, wherein the demand for past due rent was increased to $1200, plus $300 for attorney's fees.
The primary question to be resolved is whether the plaintiff, by exercising its prerogative under the lease, effectively terminated the lease for nonpayment of rent and if so, what would be a reasonable attorney's fee to be awarded for this recission.
Plaintiff contends on appeal that the lease was never rescinded, since the first amended petition was filed before answer, and that Radiophone is entitled to enforce the lease and to recover the rentals for the entire lease period plus reasonable attorney's fees as demanded in both suits.
Conversely, defendant contends the record clearly supports the judgment of the trial judge which in effect held that the lease agreement had been terminated as of September 1, 1971 by the mutual consent of the parties. It is argued this consent is evidenced by the letter dated November 10, *395 1970, written by defendant to plaintiff advising that it had no further use for the tower and that the equipment had been removed; and by the letter written by plaintiff to defendant demanding payment of past due rent and advising of its intention to file suit for recission of the lease. It is further contended this consent was confirmed by plaintiff's original suit in which plaintiff requested that the lease be terminated as of September 1, 1971; that the subsequent attempt to delete the recission by amending the petition was ineffective, since it was an attempt by plaintiff to unilaterally create a contractual relationship between the parties; that plaintiff could not breathe life into the lease agreement which had been terminated by mutual consent of the parties as evidenced by the notification by defendant and the suit for termination by plaintiff.
We agree with the argument of counsel for defendant that the contract in question is a bilateral contract requiring the express consent of both parties to enter into mutual engagements. Louisiana Civil Code Article 1765. Such a contract likewise requires the mutual consent of the parties to effect a change, modification, recission, termination or cancellation of the contract. Louisiana Civil Code Articles 1945, 1901, 2130. See also Christ v. Christ, 215 So.2d 197 (La.App.3d Cir. 1971); Brooks v. Griggs Casing Crews, Inc., 136 So.2d 693 (La.App.2d Cir. 1962), and cases therein cited.
We find plaintiff, by commencing suit against defendant for recission of the lease, as it had the option to do under the contract, elected a remedy which is inconsistent with its subsequent suit to enforce the lease. The option afforded the lessor in the contract having been exercised and, being in accord with the expressed intention of the lessee to terminate the lease as evidenced by the letter of November 10, 1970, plaintiff could not "thereafter shift to another remedy, right, or option which subsequent circumstances or events might make it more advantageous for him to adopt." See Borie v. Smither, 8 So.2d 148, 154 (La.App.Orl. Cir., writs denied 1942), and other cases cited therein.
We find the aware of $100 attorney's fees is adequate in view of the fact the full amount of the first demand was tendered within a few days after the first petition was filed.
For the foregoing reasons the judgment is affirmed at plaintiff-appellant's cost.