911 So.2d 901 (2005)
Charles V. HANSFORD, and Jada Hansford, Plaintiffs-Appellants
v.
CAPPAERT MANUFACTURED HOUSING and C & W Homes, Inc., Defendants-Appellees.
No. 40,160-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
Rehearing Denied October 20, 2005.
*902 Culpepper & Carroll, by Bobby L. Culpepper, Jonesboro, for Appellants.
*903 Daigle, Crawford & Jamison, by Walter K. Jamison, III, Marjorie B. Breaux, for Appellees.
Before WILLIAMS, STEWART and LOLLEY, JJ.
STEWART, J.
Charles and Jada Hansford appeal from a judgment confirming an arbitration award against them in their dispute with the manufacturer and seller of their mobile home, Cappaert Manufactured Housing ("Cappaert") and C & W Homes, Inc. ("C & W"), respectively. Finding the arbitration agreement binding as to the dispute between the Hansfords and Cappaert, but not binding as to the Hansfords' dispute with C & W, a party not included in the terms of the arbitration agreement, we affirm in part, reverse in part, and remand for further proceedings.

FACTS
On October 21, 2001, the Hansfords purchased from C & W a mobile home manufactured by Cappaert. At the time of the purchase, Mr. Hansford signed a document with the heading "BINDING ARBITRATION AGREEMENT" requiring arbitration of the following:
All disputes . . . resulting from or arising out of the design, manufacture, warranty, or repair of the manufactured home, (including but not limited to the terms of the warranty, the terms of this arbitration agreement, and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties concerning any goods or services manufactured or provided by Cappaert Manufactured Housing, Inc.; the condition of the manufactured home; the conformity of the manufactured home to federal building standards; the representations, promises, undertakings, warranties or covenants made by Cappaert Manufactured Housing, Inc., (if any); or otherwise dealing with the manufactured home). . . .
The agreement was not dated, and neither Jada Hansford nor a representative of either Cappaert or C & W signed the agreement. The agreement specifically refers to only Cappaert, not C & W, and it invokes the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA").
On July 3, 2002, the Hansfords filed suit against Cappaert and C & W alleging various defects in construction. Both defendants filed exceptions of prematurity which the trial court granted. Rather than dismiss the Hansfords' petition, the trial court stayed the proceedings pending arbitration. On November 24, 2003, the arbitrator issued an award absolving Cappaert of any liability and awarding the Hansfords $115.00 against C & W.
On January 16, 2004, Cappaert filed a motion to have the arbitration award confirmed, and on January 21, 2004, the trial court signed ex parte an order confirming the award. On an appeal by the Hansfords, this court reversed the trial court's judgment confirming the arbitration award in an unpublished opinion. Hansford v. Cappaert Manufactured Housing, et al., 39,068 (La.App. 2d Cir.10/27/04), 886 So.2d 701. Citing La. R.S. 9:4209, we ruled that the trial court erred in failing to hold a contested hearing prior to confirmation of the award, and we remanded the case for a hearing on the motion to confirm.
After remand, C & W filed a motion on November 15, 2004, to confirm the arbitration award. The matter was set for a hearing on January 19, 2005. The district court clerk sent notice of the hearing to the Hansfords' attorney, who was personally served on November 18, 2004. Cappaert filed a second motion on November *904 29, 2004, to confirm the arbitration award. In conjunction with Cappaert's motion, a second notice of the hearing set for January 19, 2005, was served on the Hansfords' attorney on December 2, 2004. The Hansfords did not file any opposition to the motions to confirm the arbitration award.
The minutes from the hearing on January 19, 2005, reflect the presence of counsel for C & W and Cappaert and indicate that the parties present declined to have the proceedings recorded. There is no indication that either the Hansfords or their attorney attended the hearing. The trial court signed a judgment confirming the arbitration award. Notice of the judgment was mailed to the Hansfords' counsel on January 20, 2005, and the Hansfords took a timely appeal.

DISCUSSION
The Hansfords urge two assignments of error on appeal. First, they assert that the trial court erred in determining that they filed suit prematurely and in staying the proceedings without considering whether they had agreed to arbitration under a valid contract. Second, they assert that the trial court erred in confirming the arbitration award, which they claim was rendered upon matters not subject to arbitration.
The first of the Hansfords' assignments pertains to the trial court's handling of the exception of prematurity in December 2002. The determination as to whether to enjoin or order arbitration is a question of law. Conagra Poultry Co. v. Collingsworth, 30,155 (La.App. 2d Cir.1/21/98), 705 So.2d 1280.
La. C.C.P. art. 933 provides, in part:
A. If the dilatory exception pleading want of amicable demand is sustained, the judgment shall impose all court costs upon the plaintiff. If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed.
Instead of dismissing the Hansfords' lawsuit, the trial court stayed the matter. Ordinarily, when a trial court sustains an exception of prematurity, it dismisses the case, and the aggrieved party has the opportunity at that time to appeal. However, La. R.S. 9:4202 provides:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.
Compare also the FAA provision, 9 U.S.C. § 3. The issuance of a stay is not among those rulings from which an appeal is allowed, see 9 U.S.C. § 16(b)(1) and La. R.S. 9:4215, and the Hansfords did not seek supervisory writs. Because the case was stayed instead of dismissed, the Hansfords have not had the opportunity to argue that their dispute should not have gone to arbitration. Accordingly, we now consider those arguments, first raised in 2002.
Both federal and state law favor arbitration. 9 U.S.C. § 2 provides:
A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in *905 writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
See also La. R.S. 9:4201. In Aguillard v. Auction Management Corp., 04-2804 (La.6/29/05), 908 So.2d 1, 8, the supreme court observed:
[T]he substantive provisions of the FAA preempt state law and govern all written arbitration agreements in contracts connected to transactions involving interstate commerce. Collins v. Prudential Ins. Co. of America, 99-1423, p. 2 (La.1/19/00), 752 So.2d 825, 827.
Moreover, whether a claim is brought in state or federal court, and whether a claim is based on state or federal law, courts must enforce arbitration agreements in contracts covered by the FAA, notwithstanding any state statutory or jurisprudential rules to the contrary. Collins, 99-1423, p. 2; 752 So.2d at 827, citing Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).
. . .
Although the FAA clearly preempts state law in cases involving transactions which affect commerce, see [Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 277, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995)] at 273[, 115 S.Ct. 834], the states do retain the ability to regulate contracts involving arbitration agreements and may do so under general contract law as is referenced in the final section of 9 U.S.C. § 2. Id. at 281[, 115 S.Ct. 834]. Thus, states may invalidate an arbitration clause "upon such grounds as exist at law or in equity for the revocation of any contract." Id. at 281[, 115 S.Ct. 834].
"What States may not do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause. The Act makes any such state policy unlawful, for that kind of policy would place arbitration clauses on an unequal `footing,' directly contrary to the Act's language and Congress' intent. See [Volt Information Services[Sciences], Inc. v. Board of Trustees, Leland Stanford Junior University, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488], 489 U.S., at 474, 109 S.Ct., at 1253." Allied-Bruce, 513 U.S. at 281, 115 S.Ct. 834.
The third circuit has dealt with the identical arbitration agreement at issue in this case in Rico v. Cappaert Manufactured Housing, Inc., 2005-141 (La.App. 3rd Cir.6/1/05), 903 So.2d 1284. In Rico, the agreement was included only in the homeowners' manual for the mobile home and the buyers did not see it until after they took delivery of their home. There is no evidence that the buyers signed the agreement prior to or during the sale, and the district court and the court of appeal refused to hold the buyers to the agreement. However, the court in Rico noted that it is not necessary that an agreement to arbitrate be signed by the parties. Hurley v. Fox, 520 So.2d 467 (La.App. 4th Cir.1988).
In the matter at hand, the trial court found that Mr. Hansford's signature on the documenteven without the signatures of his wife and representatives of the manufacturerbound the Hansfords to the agreement. Given that the buyers of the home were presumably husband and wife as indicated by their petition, we do not find the absence of the wife's signature important under these circumstances. Snyder v. Belmont Homes, Inc., 04-445 (La.App. 1st Cir.2/16/05), 899 So.2d 57, *906 writ denied, XXXX-XXXX (La.6/17/05), 904 So.2d 699, which found the arbitration agreement unenforceable against the wife as to tort claims, is distinguishable because the buyers of the mobile home were not married when only one of them signed the arbitration agreement. Therefore, on the record before us, we find no error in the trial court's decision regarding the validity of the arbitration agreement as to the Hansfords.
The Hansfords argue that the Civil Code articles on submission invalidate their agreement. La. C.C. art. 3099 provides:
A submission is a covenant by which persons who have a lawsuit or difference with one another, name arbitrators to decide the matter and bind themselves reciprocally to perform what shall be arbitrated.
In this case, the agreement to arbitrate was confected prior to the time the dispute arose and does not fit the specific definition of a submission under La. C.C. art. 3099.
The arbitration agreement signed by Mr. Hansford is in writing as required by 9 U.S.C. § 2. No further formal requirement was necessary. The manufacturer, Cappaert, is referenced in the agreement, and the sale of the home to the Hansfords coupled with Mr. Hansford's signature on the arbitration agreement at the time of the sale is sufficient to bind the Hansfords to the agreement vis-a-vis Cappaert.
We observe, however, that nowhere in the agreement is there proof that the Hansfords agreed to arbitrate any dispute with C & W Homes. After a close reading of the agreement, we cannot agree with the trial court's ruling that the agreement binds the Hansfords vis-a-vis the seller, C & W. The text of the agreement mentions only arbitration of disputes against Cappaert, not C & W. There is a signature line on the agreement for the "retail dealer," but even had the agreement been executed by a representative of C & W Homes, the terms of the contract do not include the seller. Although law and policy both favor arbitration, neither can supply an agreement to arbitrate where there is none. An agreement to arbitrate a dispute with one party cannot encompass disputes against another party when the second party is not mentioned in the written agreement. Because there is no evidence that the Hansfords intended to arbitrate their dispute with C & W, the judgment of the trial court as to C & W is erroneous and must be reversed.
The Hansfords other arguments against the enforcement of the agreement with Cappaert are without merit. In Aguillard, supra, the supreme court examined a claim that such a contract was adhesionary and rejected it, finding that there is a presumption of arbitrability:
[E]ven when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. The weight of this presumption is heavy and arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue. Therefore, even if some legitimate doubt could be hypothesized, this Court, in conjunction with the Supreme Court, requires resolution of the doubt in favor of arbitration.
In summary, the trial court correctly decided that the arbitration agreement was enforceable as to Cappaert but erred by applying the agreement to C & W.
The Hansfords make only a very brief argument as to their second assignment of error and do not specify what disputes against Cappaert were not included in their agreement to arbitrate. We find no *907 error in the trial court's ruling in this regard. Further, we observe that the Hansfords have not formally challenged the agreement under La. R.S. 9:4210 and 9:4211 in any other manner than what has been outlined above. See La. R.S. 9:4209. Likewise, they did not appear at the hearing held in accordance with this court's previous decision in their favor to raise these arguments.

CONCLUSION
For the above-expressed reasons, the trial court's judgment is affirmed as it regards Cappaert Manufactured Housing, Inc., but is reversed as to C & W Homes, Inc., and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed equally to the Hansfords and C & W Homes, Inc.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, DREW, and LOLLEY, JJ.
Rehearing denied.