928 So.2d 594 (2006)
Lynelle JOHNSON
v.
BLUE HAVEN POOLS OF LOUISIANA, INC.
No. 2005 CA 0197.
Court of Appeal of Louisiana, First Circuit.
February 10, 2006.
*595 Stephen C. Carleton, Bridget B. Denicola, Baton Rouge, for Defendant-Appellant, Blue Haven Pools of Louisiana, Inc.
Penrose C. St. Amant, Gonzales, for Plaintiff-Appellee, Lynelle Johnson.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
CARTER, C.J.
This appeal involves a legal question of whether to stay or compel arbitration.

FACTS
On April 4, 2003, Lynelle Johnson entered into a contract with Blue Haven Pools of Louisiana, Inc. (Blue Haven) for the construction of a swimming pool. The price was set at $39,423.00, with a ten percent down payment of $3,940.00. The one-page standard form swimming pool contract was signed by the parties and contained an arbitration clause that provided: "THIS AGREEMENT IS SUBJECT TO ARBITRATION UNDER THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION." Ms. Johnson placed her initials on a line next to the arbitration provision.
In a separate box at the bottom of the contract, were the following words: "YOU, THE BUYER, MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DAY OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELLATION FORM AND EXPLANATION OF THIS RIGHT." The notice of cancellation form was located on the left side of the printed swimming pool contract in a separately-outlined area. Ms. Johnson signed the line on the notice of cancellation form indicating that she had been advised of her right to cancel the contract. The notice of cancellation read, in pertinent part:
 NOTICE OF CANCELLATION
 4-4-03 
 DATE

*596 You may cancel this transaction, without any penalty or obligation, within three business days from the above date.
If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within 10 days following receipt by the seller of your cancellation notice[.]. . .
* * *
To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice, or any other written notice, or send a telegram to:
 BLUE HAVEN POOLS at
 Baton Rouge, LA
(Address of Branch Office)
 NO LATER THAN MIDNIGHT OF
 4-9-03
 DATE
I hereby cancel this transaction
_____________________________
DATE (Buyer's Signature)
THE UNDERSIGNED HEREBY ACK[N]OWLEDGED RECEIPT OF THIS NOTICE AND HAS BEEN TOLD VERBALLY OF HIS RIGHT TO CANCEL THIS CONTRACT.
 X (Signed by Lynelle Johnson)
 Buyer's Signature
 _____________________
Co-Buyer's Signature
 4-4-03
 DATE
On April 6, 2004, Ms. Johnson filed a lawsuit for the return of her $3,940.00 deposit, alleging that she had canceled the contract within three business days of its execution and Blue Haven had refused to refund the down payment. Blue Haven responded to the lawsuit by filing a dilatory exception raising the objection of prematurity based on the arbitration clause in the contract. Additionally, Blue Haven filed a separate motion to stay the proceedings pending arbitration required by the contract.
After a hearing, the trial court signed a judgment on September 30, 2004, denying Blue Haven's exception of prematurity as well as its motion to stay. In oral reasons, the trial court stated: "the Notice of Cancellation that's on the left-hand side of the contract . . . it's as if that is separate from the main part of the contract.... I frankly believe that . . . the arbitration clause refers to disputes that often come up with pool companies over and over again, ... in the way the pool is built[.] . . . It appears to me from reading the contract that `without any penalty or obligation,' . . . excludes arbitration[.] ... [I]n my opinion, ... the arbitration clause . . . does not apply to that Notice of Cancellation, or at least it's not clear. . . . The Court is going to deny the exception based on the ambiguous language in the contract." Blue Haven appealed, contending that the trial court committed manifest error when it denied its exception and motion.[1]

LAW AND ANALYSIS
At the outset, we recognize a recent case, Aguillard v. Auction Management Corp., 04-2804 (La.6/29/05), 908 So.2d 1, 7-8, wherein the Louisiana supreme court observed that the positive law of Louisiana favors arbitration, and any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration. The supreme court explained in Aguillard, 908 So.2d at 8, that "states may invalidate an *597 arbitration clause `upon such grounds as exist at law or in equity for the revocation of any contract.'" (Quoting Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 281, 115 S.Ct. 834, 843, 130 L.Ed.2d 753 (1995).) The supreme court held that a presumption of arbitrability exists, and "even when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. The weight of this presumption is heavy and arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue." (Emphasis added.) Id. at 18. See also Lakeland Anesthesia, Inc. v. CIGNA Healthcare of La., Inc., 01-1059 (La.App. 4 Cir. 2/6/02), 812 So.2d 695, 698.
Arbitration is a substitute for litigation. Billieson v. City of New Orleans, 02-1993 (La.App. 4 Cir. 9/17/03), 863 So.2d 557, 559, writ denied, 04-0563 (La.4/23/04), 870 So.2d 303. The parties may submit all their differences or only some of them. LSA-C.C. art. 3102. A provision in any written contract to settle by arbitration is valid, irrevocable, and enforceable except upon grounds that exist in law or equity for the revocation of the contract. See LSA-R.S. 9:4201.
The determination as to whether to stay or compel arbitration is a question of law. Hansford v. Cappaert Manufactured Housing, 40,160 (La.App. 2 Cir. 9/21/05), 911 So.2d 901, 904; Billieson, 863 So.2d at 560; Conagra Poultry Co. v. Collingsworth, 30,155 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280, 1281. The standard of appellate review for questions of law is simply to determine whether the trial court was legally correct or incorrect. Cangelosi v. Allstate Ins. Co., 96-0159 (La. App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375. If the trial court's decision was based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Conagra Poultry Co., 705 So.2d at 1281-82.
The threshold inquiry is whether the parties have agreed to arbitrate the dispute in question. Johnson's Inc. v. GERS, Inc., 34,268 (La.App. 2 Cir. 1/24/01), 778 So.2d 740, 743. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement. Id.
With these legal principles in mind, we review the swimming pool contract at issue. A close reading of the contract reveals the parties agreed that the contract was to be subject to arbitration. However, the parties also agreed that the contract could be canceled at any time prior to midnight of the third business day after the day the contract was signed. The notice of cancellation form was a subpart of the contract and was specifically referred to in the contract as an attachment. The "attached notice of cancellation form" was located separate and apart from the main contract form which covered such items as location and size of the pool, specifications for the construction of the pool, time constraints for the building of the pool, equipment for the pool, a payment schedule, arbitration clause, and signature lines. The notice of cancellation form clearly states that if the buyer cancels, "any payments made by [the buyer] under the contract or sale, ... will be returned within 10 days following receipt by the seller of [the] cancellation notice[.]"
*598 Neither the notice of cancellation form or the arbitration clause contains any language regarding the applicability of the arbitration clause to the validity of the entire contract in case of a dispute over the cancellation of the contract. Additionally, the arbitration clause in the contract does not contain any language that would define the scope of arbitration broadly, so as to include disputes over the separate notice of cancellation form attached to the contract. What is ultimately at issue here, but is not before this court at this time, is whether the contract was timely canceled. If it was timely canceled, revoked, or terminated, then there is no contract, and thus, no arbitration clause. A written contract may be modified, abrogated, or nullified by mutual consent of the parties. See LSA-C.C. arts.1906 and 1983; Williams Engineering, Inc. v. Goodyear, 480 So.2d 772, 776 (La.App. 5 Cir.1985); Ed Bulliard Co., Inc. v. Foretich-Zimmer Const. Co., Inc., 451 So.2d 29, 31 (La.App. 3 Cir.), writ denied, 456 So.2d 169 (La.1984). Although law and policy both favor arbitration, neither can supply an agreement to arbitrate where there is none. Hansford, 911 So.2d at 906.
Our interpretation of the swimming pool contract is in accord with the trial court's understanding that the arbitration clause refers only to disputes involving the actual contract such as the construction of the pool, equipment for the pool, the agreed-upon payment schedule, the timeframe for building the pool, or any of the other numerous disputes that may arise during the construction of a pool. In contrast, the notice of cancellation form allows the buyer to cancel "without any penalty or obligation" within three business days of the contract date. Therefore, it is apparent that the buyer's duty to arbitrate is an obligation under the contract only. The notice of cancellation explicitly and positively cancels any obligation under the contract, including the obligation that Ms. Johnson had to arbitrate. Thus, we conclude that the arbitration clause does not, as written, apply to any dispute regarding the timeliness of the notice of cancellation of the contract and/or the return of the down payment.
We find that because the validity/timeliness of the cancellation of the contract is at issue, and therefore, the validity of the arbitration clause in the contract is at issue, the trial court correctly declined to direct the parties to proceed to arbitration. See LSA-R.S. 9:4203 (providing in pertinent part: "If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof."). See also Conagra Poultry Co., 705 So.2d at 1282 (holding that the issue of whether the contract containing the arbitration clause is valid and enforceable must first be resolved before ordering arbitration).

CONCLUSION
For the stated reasons, we affirm the trial court's judgment denying Blue Haven's dilatory exception raising the objection of prematurity and motion to stay. Blue Haven is cast with all costs of this appeal. This case is hereby remanded to the trial court for further proceedings regarding the validity/timeliness of the cancellation of the contract. If it is ultimately determined that Ms. Johnson did not timely cancel the swimming pool contract, the matter must be submitted for arbitration at that point in time, in accordance with the terms of the contract.
AFFIRMED AND REMANDED.
NOTES
[1] A judgment denying a request for arbitration has been held to be an appealable, interlocutory order. Aguillard v. Auction Management Corp., 04-2804 (La.6/29/05), 908 So.2d 1, 6 n. 5.