939 So.2d 506 (2006)
Gerald B. BROUSSARD, M.D., d/b/a Broussard Cataract and Eye Institute, Plaintiff-Appellant
v.
COMPULINK BUSINESS SYSTEMS, INC., Defendant-Appellee.
No. 41,276-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2006.
Donald L. Kneipp, Monroe, for Appellant.
Dollar Laird, LLP, by Johnny E. Dollar, Monroe, for Appellee.
*508 Before BROWN, WILLIAMS, and MOORE, JJ.
BROWN, Chief Judge.
Plaintiff, Gerald Broussard, M.D., d/b/a Broussard Cataract and Eye Institute ("Dr. Broussard"), initiated this action against defendant, Compulink Business Systems, Inc. ("Compulink"), for breach of contract. Defendant filed an exception of prematurity asserting that its contract with Dr. Broussard contained a binding arbitration clause. The trial court sustained the exception and denied plaintiff's motion for a new trial. Plaintiff has appealed. We reverse and remand.

Facts
In December of 1999, Dr. Broussard, an ophthalmologist practicing in Monroe, contracted with Compulink to provide a medical software package, training and support services. The purchase price was $24,000, which Dr. Broussard paid. Problems with the product and services occurred from the outset. Dr. Broussard sent Compulink a letter dated January 31, 2000, outlining the "hardships and problems" encountered. When Compulink failed to adequately respond, Dr. Broussard purchased and installed a different medical software package. Plaintiff filed this action on August 17, 2000.
On October 30, 2000, Compulink filed a dilatory exception of prematurity alleging that its contract with Dr. Broussard provided that "[I]n the event of any dispute, the parties agree to waive their rights to a jury trial and submit to binding arbitration in, and under the jurisdiction of (California)." The exception states that "[T]he contract dated December 06, 1999 is attached hereto as Exhibit A." (Emphasis added). However, there was no document attached with the exception. The following day, on October 31, 2000, Compulink supplemented its filing with "Exhibit A" which was inadvertently left off its exception. That document titled "License Agreement and Limited Product Warranty," did not name the licensee and contained no date or signature.
It was Dr. Broussard's position that he never saw, much less agreed to, any binding arbitration provision and that Compulink failed to show any direct evidence that he signed or otherwise consented to arbitration.
The exception of prematurity was heard by the trial court on February 13, 2001. On March 5, 2001, with the court's permission, Compulink supplemented the record with a facsimile copy of a contract that does not state the name of the Licensee but does have the signature of "Danica Nelson, ins/bill mgt" and is dated December 27, 1999. There was nothing further as to the identity of Danica Nelson. This filing also contained a facsimile copy of the affidavit of Janet Picarelli, Compulink's account administrative assistant, attesting to the true and correct nature of the document and that she received the document by fax from the Broussard Cataract and Eye Institute on December 27, 1999.
The trial court issued its written reasons for judgment sustaining Compulink's exception of prematurity on February 7, 2002. The trial court held that Compulink proved Dr. Broussard's knowledge of the arbitration provision and that the License Agreement was signed by an authorized agent of the institute. The trial court further held that arbitration clauses like the one Compulink used were neither against Louisiana public policy nor adhesionary.[1]
*509 It is from the trial court's judgment sustaining Compulink's dilatory exception of prematurity, as well as the trial court's denial of Dr. Broussard's motion for a new trial, that plaintiff has appealed.

Discussion
Louisiana has adopted a policy favoring arbitration. Aguillard v. Auction Management Corp., 04-2804 (La.06/29/05), 908 So.2d 1. Louisiana Revised Statutes 9:4201 provides as follows:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
Thus, an arbitration clause may be invalidated if, under general contract law, grounds exist to revoke this provision of the contract.
When the issue of a party's failure to arbitrate is raised through a dilatory exception of prematurity, the exceptor has the burden of showing a valid contract to arbitrate. Johnson's, Inc. v. GERS, Inc., 34,268 (La.App. 2d Cir.01/24/01), 778 So.2d 740. In determining whether a party is bound by an arbitration agreement, we apply ordinary contract principles. Id.; Tresch v. Kilgore, 03-0035 (La.App. 1st Cir.11/07/03), 868 So.2d 91. A party cannot be required to submit to arbitration any dispute which he has not agreed to so submit. Horseshoe Entertainment v. Lepinski, 40,753 (La.App. 2d Cir.03/08/06), 923 So.2d 929, writ denied, 06-0792 (La.06/02/06), 929 So.2d 1259. Thus, before we can make a determination as to whether Dr. Broussard's action is premature, we must first determine if Compulink proved that a valid contract to arbitrate existed.
An agency relationship is never presumed; it must be clearly shown. Bamburg Steel Buildings, Inc. v. Lawrence General Corp., 36,005 (La.App. 2d Cir.05/08/02), 817 So.2d 427; Where Angels Tread, Ltd. v. Dansby, 37,689 (La.App. 2d 09/24/03), 855 So.2d 906. The burden of proving apparent authority is on the party seeking to bind the principal. Bamburg Steel Buildings, Inc., supra; Where Angels Tread, Ltd., supra.
In the case sub judice, the record is void of any attempt by Compulink to prove apparent authority, as well as any manifestation by Dr. Broussard that would lead Compulink to reasonably conclude that Danica Nelson was acting on his behalf when she signed the License Agreement. In fact, the only evidence Compulink has put forward to support its contention that Ms. Nelson was bathed with apparent authority is the fact that *510 the cover sheet accompanying the faxed contract was on letterhead of Broussard Cataract & Eye Institute. Compulink has not offered any evidence to show that Ms. Nelson typically entered into similar contracts on Dr. Broussard's behalf, nor has Compulink attempted to show that Dr. Broussard gave it reason to believe that Ms. Nelson could enter into such agreements.
Compulink's second argument that Ms. Nelson's authority was ratified by Dr. Broussard's acceptance and silenceis also erroneous. Dr. Broussard does not deny, in fact he asserts, that he bought Compulink's software and services. It would be a tremendous stretch to say that such a purchase includes an agreement to travel from Louisiana to California to settle any disputes by arbitration. Dr. Broussard has consistently stated throughout the proceedings that he did not consent to arbitration. He opposed the exception of prematurity on the grounds that he neither saw nor consented to the License Agreement; he did not even know that it existed until after the evidentiary hearing when Compulink supplemented the record with an alleged executed copy by Danica Nelson. By filing the present suit and continually stating that he did not consent to the arbitration agreement, it is evident that Dr. Broussard did not ratify Ms. Nelson's authority through acceptance and silence.
A trial court's determination of an agency relationship and scope of authority are essentially factual matters and therefore, are subject to the manifest error standard of review. Bamburg Steel Buildings, Inc., supra; Salley v. Colonial Marine Industries, Inc., 95-2215 (La.App. 4th Cir.09/11/96), 680 So.2d 1242. Thus, the appellate court will not reverse the decision below if credible evidence providing a reasonable factual basis for the trial court's conclusion was presented. Id. In the instant case, there was no testimony or documentation from which one could reasonably conclude that Compulink met its burden of proving apparent authority. Accordingly, the trial court's finding that the License Agreement was signed by an authorized agent is without evidentiary support and is therefore manifestly erroneous.
In so finding, we reverse the trial court's judgment and remand for further proceedings.

Conclusion
For the foregoing reasons, the judgment of the trial court sustaining defendant's dilatory exception of prematurity is reversed.[2] The case is remanded for further proceedings consistent with this opinion.
NOTES
[1] Final judgment was not signed until four years later, on January 25, 2006, and then by Judge Benjamin Jones. Broussard filed a motion and order for appeal on February 6, 2006, and the order of appeal was signed by Judge Jones on February 8, 2006. On March 23, 2006, this court, on its own motion, annulled the January 25, 2006, judgment since it was not signed by the judge who heard the exception, and remanded the matter to the district court. On March 29, 2006, a final judgment was signed by Judge Carl Sharp, the judge who heard the exception. Dr. Broussard filed a motion for a new trial on April 5, 2006. With his motion for a new trial outstanding, Dr. Broussard moved to have appellate proceedings suspended and the matter remanded to the trial court. This court ordered that appellate proceedings be suspended and remanded the matter to the trial court to decide any pending motion for a new trial. On April 19, 2006, Judge Sharp denied Dr. Broussard's motion for a new trial and, accordingly, this court lifted the stay on May 4, 2006.
[2] Due to our disposition of this matter, we pretermit discussion of the remaining assignments of error.