# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-693

CATHERINE EAKIN

VERSUS

SAMUEL EAKIN

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 223,741
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

## J. DAVID PAINTER

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

James B. Reichman
Attorney at Law
P.O. Box 210
Alexandria, LA 71309
Counsel for Defendant-Appellant:
    Hoffman Consulting, LLC

Richard A. Rozanski
Stephen D. Wheelis
Ryan C. Robinson
Wheelis & Rozanski
P.O. Box 13199
Alexandria, LA 71301
Counsel for Intervenor-Appellant:
    Red River Bank

**J. Ogden Middleton, II**
**Attorney at Law**
**1744 White St.**
**Alexandria, LA 71301**
**Counsel for Plaintiff-Appellee:**
  **Catherine Gresham,**
  **formerly known as Catherine Eakin**

**Ricky L. Sooter**
**Stephanie N. Prestridge**
**Provosty, Sadler, DeLaunay, Fiorenza & Sobel**
**P.O. Drawer 1791**
**Alexandria, LA 71309**
**Counsel for Defendant-Appellee:**
  **William Earl Hilton, as Sheriff of Rapides Parish**

PAINTER, Judge.

Defendant, Hoffman Consulting, L.L.C. (Hoffman Consulting), appeals the judgment of the trial court dismissing HoffmanConsulting's Petition for Temporary Restraining Order, Preliminary and Permanent Injunction. Intervenor, Red River Bank (Red River), appeals the dismissal of its intervention. For the following reasons, we affirm the judgment of the trial.

FACTS

The essential facts of this case are undisputed. On November 18, 1997, Samuel Eakin and Catherine Eakin, who were married at the time , executed two promissory notes (the Hibernia notes): one in the amount of $196,200.00 and another in the amount of $70,400.00, both payable to Hibernia National Bank (Hibernia) as lender. At the same time, the Eakins executed two Multiple Indebtedness Mortgages in favor of Hiberia in the same amounts as the notes and secured by the Eakins' community domicile, located at 1910 White Street, and other property. The Hibernia notes contain agreements that the debt would be solidary or joint and several as between Samuel and Catherine.

The Eakins divorced in 1999 and remained co-owners of 1910 White Street. On April 16, 2001, a Grant Parish court granted Catherine a judgment in the amount of $375,000.00 against Samuel. That judgment was recorded in Rapides Parish on April 8, 2005, and again on March 15, 2006. After his divorce from Catherine, Samuel was remarried to Joan Hoffman. Joan is the sole managing member of Hoffman Consulting, which she operated as a sole proprietorship for about five years.

On March 5, 2002, Samuel sent a letter to James W. Thibodeaux of Farmer's Bank and Trust of Cheneyville (Farmer's), in which he stated that:

1

Per our recent discussion, I would like to request a loan for $250,000.00, interest only for a period of two years. The purpose of the loan is to purchase notes from Hibernia Bank which secure my residence and adjacent apartments on White Street in Alexandria. It is currently my intent to foreclose on the notes in order to sell the property. This is an unfortunate necessity due to the extenuating circumstances of my divorce three years ago. . . . .

. . . .

. . . . The property will either be put up for sale and refinanced during the upcoming year with proceeds to pay off the loan.

In April 2002, Hoffman Consulting filed Article of Incorporation qualifying to do business in Louisiana. On June 3, 2002, Samuel executed a promissory note borrowing $250,000.000 from Farmer's (the Farmer's note). The Farmer's note bears the signature of Samuel Eakin and no notation that he is signing on behalf of any other person or business. He also signed as guarantor of the Farmer's note. Hoffman Consulting asserts that Samuel acted as its agent in executing the Farmer's note and pledging the Hibernia notes as security. Farmer's wire transferred funds in the amount required to either payout or purchase the Hibernia notes.

On July 3, 2002, each of the Hibernia notes were assigned to Hoffman Consulting in a document signed by Joan on behalf of Hoffman Consulting. The following language was placed on each of the Hibernia notes:

Paid to the Order of Hoffman Consulting, LLC, without warranty or recourse, not even for return of the purchase price.

Hibernia National Bank By:     s/Robert Stuart, Jr._____
Date: July 3, 2002

The notes were further stamped "'Ne Varietur' for identification with Act of Endorsent executed before me this 3 day of July 2002 s/Marcia Olson." Joan obtained the original Hibernia notes and delivered them to Farmer's as security for

2

the Farmer's note. On December 10, 2002, Samuel executed a Dation en Paiement conveying his undivided half interest in the White Street property to Hoffman Consulting. That act was not recorded until January 25, 2006.

In November 2003, Farmer's went into FDIC receivership, and the FDIC assigned the Eakin debt to ResComm Holdings No. 2, LLC (Rescomm).

On December 30, 2004, Samuel, acting on behalf of Hoffman Consulting, borrowed $225,000.00 from Red River for payment of the Farmer's note, by then held by ResComm. The two original Hibernia notes, secured by the White Street Property, were again pledged as security. There does not appear to be any dispute that this loan was taken on behalf of Hoffman Consulting.

In March 2006, Catherine had her Grant Parish judgment made executory in Rapides Parish. In May 2006, she began proceedings to seize the White Street Property.

On July 7, 2006, Capital One, N.A. (Capital One), successor to Hibernia, executed a Request for Cancellation of the Mortgage or Privilege and Release by Licensed Financial Institution in connection with the Hibernia mortgages after Catherine informed a loan officer at Capital One that the Hibernia notes had been extinguished by payment. That document was filed into the public record on July 11, 2006. On July 12, 2006, Hoffman Consulting filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction seeking to stop the seizure. On July 14, 2006, Capital One, without requesting a contradictory hearing on the matter, filed a correction reinstating the Hibernia mortgages, alleging that they were cancelled in error. In August 2006, Red River Bank filed an intervention in the proceeding asking for a ranking of the creditor's claims.

3

After a hearing, the trial court rendered judgment in favor of Catherine. It found that Samuel executed the Farmer's note as an individual rather than as the representative of Hoffman Consulting. It concluded that Samuel had paid off the Hibernia notes, and, since he and Catherine were solidary obligors, his performance relieved Catherine of the debt to Hibernia. As a result, the court found that the Dation en Paiement of the White Street Property to Hoffman Consulting was null for failure of cause and that Samuel remained co-owner in indivision of the White Street property. Consequently, it dismissed Hoffman Consulting's action and the intervention of Red River Bank. Hoffman Consulting and Red River appeal.

DISCUSSION

*Agency*

The outcome of this case turns on the determination of whether Samuel was acting on his own behalf or as agent of Hoffman Consulting when he signed the Farmer's note. The trial court, in its written reasons for judgment, noted that:

> Joan Eakin also testified that she ratified all the actions of her husband, Samuel Eakin. However, Joan Eakin never granted Samuel Eakin any authority to act on behalf of Hoffman Consulting, LLC or ratified any of his actions in writing, nor is there any record of Joan Eakin orally granting Samuel Eakin authority to act on behalf of Hoffman Consulting, LLC or orally ratifying his actions prior to the commencement of this litigation.
>
> On 3 June 2002, Samuel Eakin executed a promissory note borrowing $250,000.00 from the Farmer's Bank and Trust of Cheneyville . . . . The Farmer's Note bears the unqualified signature of Samuel Eakin. He also signed as Guarantor of the Farmer's Note. There is no other signature anywhere on the note.
>
> . . . .
>
> It was undisputed at trial that Farmer's Bank wire transferred funds from the Farmer's Note in the amount required to either payoff or purchase the Hibernia Notes. However, the source of the transferred funds (i.e. who borrowed the money from Farmer's Bank) and whether

4

the Hibernia Notes were purchased or paid off was disputed at trial. Hoffman Consulting, LLC suggests that it executed the Farmer's Note through its agent, Samuel Eakin. However, the evidence does not support Hoffman's argument.

The Hibernia Notes were paid, in full, with funds Mr. Eakin personally borrowed from Farmer's Bank. The Farmer's Note clearly and unambiguously contains Samuel Eakin's unqualified signature as maker. Hoffman Consulting, LLC is attempting to use parol evidence to prove that it was the true maker of the Farmer's Note. However, testimonial or other evidence may not be admitted to negate or vary the contents of an act under private signature. *La. C.C. art. 1848.* Although there are exceptions to the parol evidence rule, none are applicable under the facts of this case. *Id; see also, Hartford Accident and Indemnity Co.*, 522 So.2d 1154 (La.App. 4 Cir. 1988); *Parlay Enterprises, Inc. v. R-B-Co, Inc. of Bossier*, 504 So.2d 660, 661 (La.App. 2 Cir. 1987). However, even considering Joan Eakin's testimony, the Court concludes that Mr. Eakin personally and as sole maker, executed the Farmer's Note. Furthermore, the Court did not find Joan Eakin to be a credible witness.

. . . .

Farmer's Bank followed the wire transfer instructions it received on 3 June 2002 and paid off the notes on Mr. Eakin's behalf. Hoffman Consulting, LLC never received any funds from the Farmer's Note, nor did it pay any money to Hibernia.

This court will review the trial court's determination of whether Samuel was acting as an agent for Hoffman Consulting using a manifest error standard of review:

A trial court's determination of an agency relationship and scope of authority are essentially factual matters and therefore, are subject to the manifest error standard of review. *Bamburg Steel Buildings, Inc.,* [*v. Lawrence General Corp.*, 36,005 (La.App. 2 Cir. 05/08/02), 817 So.2d 427]*; Salley v. Colonial Marine Industries, Inc.*, 95-2215 (La.App. 4th Cir.09/11/96), 680 So.2d 1242. Thus, the appellate court will not reverse the decision below if credible evidence providing a reasonable factual basis for the trial court's conclusion was presented. *Id.*

*Broussard v. Compulink Business Systems, Inc.*, 41,276, pp. 5-6 (La.App. 2 Cir. 8/23/06), 939 So.2d 506, 510.

Given the evidence of record, we cannot say that the trial court committed manifest error in its determination that Samuel signed the Farmer's note on his own

behalf rather than on behalf of Hoffman Consulting. "An agency relationship is never presumed; it must be clearly shown. The burden of proving apparent authority is on the party seeking to bind the principal." *Id.* at 509. An agent must have express authority to contract a loan on behalf of a principal. La.Civ.Code art. 2997.

The March 2002 letter cited by the trial judge evidences Samuel's intention at that time to borrow money as an individual to buy the notes. Although Joan and Samuel testified that the bank refused to loan him money personally, there is no documentary evidence of this refusal. Further, Joan and Samuel admit that no loan application was filled out by Hoffman Consulting and that the loan was based on Samuel's prior relationship with Farmer's. The Farmer's note, as stated by the trial court, was signed by Samuel without any notation that he was signing in any other capacity than for himself. At the top of the note, Samuel's name and address and no other have been entered into blanks appearing above the words "Debtor's Name and Legal Address." Joan admits that she has no document that indicates that Samuel was acting on behalf of Hoffman Consulting when he signed the Farmer's note. Therefore, we find no error in the trial court's conclusion that Samuel signed the note on his own behalf.

Hoffman Consulting argues that Joan, as sole member of the LLC, ratified Samuel's action in signing the note. With regard to ratification, the trial court found as follows:

> Assuming *arguendo* Joan Eakin's ratification is valid, it does not [affect] the rights the plaintiff acquired as a result of Samuel Eakin's payment of the Hibernia Notes. Although Joan Eakin did testify that she ratified all of Samuel Eakin's actions, her oral ratification over four years after Mr. Eakin's execution of the Farmer's Note does not change the source of the funds used to pay off the Hibernia Notes *vis-a-vis* Catherine Eakin Grisham. The effects of confirmation and ratification are retroactive to the date of the confirmed or ratified obligation. *La.*

6

*C.C. art. 1844.* However, neither confirmation nor ratification may impair the rights of third persons. *Id.* Article 1844 protects third persons who acquired rights between the time Samuel Eakin executed the Farmer's Note and the time it was ratified by Joan Eakin. The plaintiff acquired the benefit of payment by a solidary obligor after Samuel Eakin paid the Hibernia Notes with funds he personally borrowed from Farmer's Bank for that purpose. Even if Joan Eakin's oral ratification is valid, it occurred at trial over four years after the plaintiff acquired the benefit of extinguishment of her obligation to Hibernia Bank. Thus, Joan Eakin's ratification does not have retroactive effect *vis-a-vis* Catherine Eakin Grisham. 5 *La.Civ.L.* § 12.62.

After the loan proceeds from the Farmer's note signed by Samuel were transferred from Farmer's, Hibernia prepared a "Notarial Act of Transfer, Endorsement, Assignment and Subrogation of Notes and Related Collateral" in which it assigned the Hibernia notes to Hoffman Consulting. That document was executed by Joan on behalf of Hoffman Consulting on July 3, 2002. It is uncontested that Joan, as sole managing member of Hoffman Consulting, obtained the Hibernia notes from Hibernia and delivered them to Farmer's. Even if there is not enough evidence of record to establish express authority to act on behalf of Hoffman Consulting, it is possible that Joan's action in delivering the Hibernia notes to Farmer's served as a ratification of Samuel's actions by Hoffman Consulting.

> Ratification is a declaration whereby a person gives his consent to an obligation incurred on his behalf by another without authority.

> An express act of ratification must evidence the intention to be bound by the ratified obligation.

> Tacit ratification results when a person, with knowledge of an obligation incurred on his behalf by another, accepts the benefit of that obligation.

La.Civ.Code art. 1843.

The evidence shows that Joan was aware of Samuel's acts. She signed papers accepting an assignment of the Hibernia notes. This action shows that she was aware

7

of Samuel's action. Further, by so doing, Hoffman Consulting received the benefit of the obligation incurred in signing the Farmer's note which provided funds to purchase the Hibernia notes. Further, Joan delivered the Hibernia notes, which had been endorsed to Hoffman Consulting, to Farmer's to act as collateral for the Farmer's note signed by Samuel. However, even if these actions are considered to be ratification of Samuel's signing of the note on behalf of Hoffman Consulting, the ratification occurred after the funds were transferred to Hibernia for payment of the notes. As a result of Samuel's payment to Hibernia, the Hibernia notes were extinguished through confusion. La.Civ.Code art. 1903. Since Catherine was a solidary obligor as to the Hibernia notes, Samuel's performance extinguished her liability to Hibernia under the notes. La.Civ.Code art. 1794. The later ratification cannot affect the benefit of extinguishment that Catherine received as a result of the payment.

*Dation En Paiement*

Samuel further argues that the Dation en Paiement of his interest in the White Street property was not null. However, his argument in this regard depends on a determination that the Hibernia notes secured by that property were purchased by Hoffman Consulting. Having found that the Hibernia notes were paid by Samuel individually, we agree with the trial court that the Dation en Paiement is null for failure of consideration. Hoffman Consulting did not buy the Hibernia notes, and the record does not establish any other debt owed by Samuel to Hoffman Consulting for which the Eakin dation could have been made. Therefore, the dation was made to release Samuel from a debt he did not owe and is, therefore, null.

*Red River Intervention*

Red River appeals the dismissal of its intervention. It asserts that it is the current holder of the Hibernia notes. We disagree. We have found that the obligation represented by the Hibernia notes was extinguished by confusion. Therefore, Red River cannot be a holder of the Hibernia notes. However, this does not extinguish any claim it may have against Hoffman Consulting and Samuel.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by Hoffman Consulting.

**AFFIRMED.**