JAMES F. KOWSKI

VERSUS

FIVE PROPERTIES, L.L.C. AND APMT
MANAGEMENT SERVICES, L.L.C. D/B/A
TONTI MANAGEMENT

NO. 23-C-87

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 833-919, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

May 24, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.

**REVERSED; STAY GRANTED; REMANDED**

    **JJM**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
FIVE PROPERTIES, L.L.C. AND APMT MANAGEMENT SERVICES, L.L.C.
D/B/A TONTI MANAGEMENT
    James C. Rather, Jr.
    Brooklee Acosta

COUNSEL FOR PLAINTIFF/RESPONDENT,
JAMES F. KOWSKI
    Thomas L. Smith

**MOLAISON, J.**

The relator, Five Properties. L.L.C. and Apmt. Management Services, L.L.C. d/b/a Tonti Management ("Five Properties") seeks review of the trial court's February 6, 2023 judgment that denied its Dilatory Exception of Prematurity, or Alternatively, Motion to Compel Arbitration and Stay, filed on November 30, 2022, in which the judge ruled in favor of the plaintiff/respondent, James F. Kowski. For the reasons that follow, the ruling of the trial court is reversed and vacated. In addition, the motion to compel arbitration and stay proceedings filed below by Five Properties is hereby granted.

In the instant matter, Five Properties contends that the trial court erred in declining to enforce an arbitration clause found in a residential apartment lease between itself and Mr. Kowski, following the filing of Mr. Kowski's lawsuit which alleges injury on its premises. Whether a court should compel arbitration is a question of law. Appellate review of questions of law is simply whether the trial court was legally correct or incorrect. *Johnson v. Blue Haven Pools of Louisiana, Inc.*, 05-0197 (La. App. 1 Cir. 2/10/06), 928 So.2d 594, 597. The determination of whether an arbitration clause in a standard form contract is adhesionary is necessarily made on a case by case basis. *Duhon v. Activelaf, LLC*, 16-0818 (La. 10/19/16), —— So.3d —2016 WL 6123820, at 6, *cert. denied*, —— U.S. ——, 137 S. Ct. 2268, 198 L.Ed. 2d 700 (2017).

Upon review, we first find that the lease between the parties is properly classified as a bilateral agreement, as the parties obligated themselves reciprocally, so that the obligation of each party is correlative to the obligation of the other. *See* La C.C. art. 1908. Bilateral contracts, such as this lease, require the express consent of both parties to enter into a mutual engagement. *See, Radiophone Service, Inc. v. Crowson Well Service, Inc.*, 309 So.2d 393, 395 (La. App. 2d Cir. 1975). As observed by the supreme court in *Aguillard v. Auction Mgmt. Corp.*, 04-

2804 (La. 6/29/05), 908 So.2d 1, 7, the positive law of Louisiana favors arbitration. However, a party cannot be required to submit to arbitrate a dispute that he has not agreed to submit. *Broussard v. Compulink Business Systems, Inc.*, 41,276 (La. App. 2 Cir. 8/23/06), 939 So.2d 506, 509.

In opposition to Five Properties' exception and motion to compel, Mr. Kowski argued that the arbitration agreement was adhesionary. A contract of adhesion is a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection by the weaker party. Often in small print, these contracts sometimes raise a question as to whether the weaker party actually consented to the terms. *Aguillard,* 908 So.2d at 9. A review of the written documents signed by Mr. Kowski in this matter shows that the arbitration clause in the original lease was contained in its own separate section on a separate page which was titled: "ARBITRATION; Please Read Carefully." The arbitration section that followed was in a font sized consistently with the remainder of the lease and was also double-spaced. Similarly, the arbitration provisions found in the two subsequent lease renewals are not different in format and likewise set terms forth in clear and unambiguous language. The arbitration language was not hidden in the depths of a long document. *Coleman v. Jim Walter Homes, Inc.*, 08-1221 (La. 3/17/09), 6 So.3d 179, 183.

However, the seminal issue in a contract of adhesion analysis is not the standard form of the contract, but rather whether a party truly consented to all the printed terms. *Aguillard*, 908 So.2d at 10. If a defendant can satisfy the burden of proof establishing the right to arbitration, the burden then shifts to the plaintiff to demonstrate that he did not consent to the arbitration terms or that his consent was vitiated by error, which rendered the arbitration provision unenforceable. *Lafleur v. L. Offs. of Anthony G. Buzbee, P.C.*, 06-0466 (La. App. 1 Cir. 3/23/07), 960 So.2d 105, 109.

At the hearing, Five Properties introduced evidence of three leases between the parties which contained arbitration agreements dated respectively, November 4, 2016, July 31, 2019, and June 23, 2021.  The arbitration agreements provide in relevant part:

> A: Except as noted in paragraph C, any and all claims between the parties for liability, personal injury or illness damages, property damages, or expenses arising out of, relating to, or in connection with the lease, the occupancy of the premises, including any and all warranties (including but not limited to warranties imposed by Louisiana laws, statutes or regulations), representations, or agreements relating thereto, as well as any disputes, claims or controversies regarding the scope, validity and/or enforceability of this Arbitration Agreement, shall be resolved through binding arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and the procedural rules of arbitration published by Mediation Arbitration Professional Systems, Inc. (MAPS' Rules of Arbitration).

Here, the arbitration agreement expressly provides for arbitration of claims for "personal injury." Accordingly, on the face of the respective leases in evidence, Five Properties has established its right to have Mr. Kowski's claims resolved through binding arbitration.

In opposition to Five Properties' exception and motion to compel, Mr. Kowski offered his affidavit in which he stated that he was told by Five Properties to sign the arbitration agreement even though he did not understand what it meant. Mr. Kowski argued below that the absence of his consent renders the arbitration agreement unenforceable. In *Aguillard,* 908 So.2d at 17, the Supreme Court observed:

> It is well settled that a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain it to him. *See, e.g.,* *Tweedel v. Brasseaux*, 433 So.2d 133, 137 (La.1983) (stating: "The presumption is that parties are aware of the contents of writings to which they have affixed their signatures ... The burden of proof is upon them to establish with reasonable certainty that they have been deceived."

"If a party can read, it behooves him to examine an instrument before signing it; and if he cannot read, it behooves him to have the instrument read to him and listen attentatively whilst this is being done.").

In the instant case, Mr. Kowski signed the arbitration agreement three separate times as a part of his lease. Included in the agreement itself is the following caveat:

Lessor, as defined in the lease hereby advises the Lessee and any other signatory to the lease, of the desirability of seeking and is hereby given a reasonable opportunity to seek the advice of independent legal counsel prior to signing the lease and all addenda thereto, including this agreement to arbitrate.

It is significant that while Mr. Kowski specifically claims that he signed the lease agreement without understanding the arbitration clause on November 4, 2016, his affidavit does not address his consent to the same terms in the two subsequent renewals. Mr. Kowski also does not explain why, upon not understanding the terms of the lease the first time he signed it, he did not avail himself of the opportunity to seek an explanation of the misunderstood terms or consult legal counsel to review the terms of the lease from the years 2016 to 2021.

After a review of the lease agreements and arbitration clauses, and considering Mr. Kowski's opposition and affidavit, we find that the trial court erred in ruling that Mr. Kowski's affidavit claiming his non-consent to the arbitration clause of the lease was sufficient to defeat Five Properties exception and motion.

**DECREE**

For the foregoing reasons, the trial court's February 6, 2023 judgment that denied Five Properties, L.L.C. and Apmt. Management Services, L.L.C. d/b/a Tonti Management's Dilatory Exception of Prematurity, or Alternatively, Motion to Compel Arbitration and Stay, filed on November 30, 2022, and ruled upon in

favor of the plaintiff/respondent, James F. Kowski, is reversed and vacated.  The motion to compel arbitration and stay proceedings filed below by Five Properties is hereby granted. The matter is remanded for further proceedings consistent with this disposition.

**REVERSED; STAY GRANTED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 24, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-87

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
JAMES C. RATHER, JR. (RELATOR)

**MAILED**
BROOKLEE ACOSTA (RELATOR)
ATTORNEY AT LAW
4030 LONESOME ROAD
SUITE B
MANDEVILLE, LA 70448

THOMAS L. SMITH (RESPONDENT)
ATTORNEY AT LAW
7805 ZIMPEL STREET
NEW ORLEANS, LA 70118