Morphy, J.
delivered the opinion of the court.
The plaintiff, a third possessor of mortgaged property, enjoined executory proceedings instituted by defendant, and at the same time claimed damages against him, and against the sheriff] Bobbins, who had made the seizure. [266] The injunction was made perpetual and both defendants decreed to pay damages. Bobbins took up an appeal which was decided in January term, 1840. Bradford, the other defendant, now prosecutes this his separate appeal from said judgment.
We have considered a motion made to dismiss this appeal, but find nothing in it that should prevent us from examining the merits of the Case. The sole ground of complaint, in this court is that defendant was decreed to pay the plaintiff] whose injunction was maintained, the fees of his lawyer, amounting to $S00, as special damages. "We are of opinion that in this the court below erred; it is true that when an injunction is dissolved, the lawyer’s fees of the party against whom it has wrongfully issued have several times been allowed as special damages, under the Act of 1831. ■ This' was thought necessary to carry out the intention of the lawgiver, whose avowed object was to punish with heavy damages the too frequent and unjustifiable resort to a proceeding which had become the daily means of delaying and sometimes defeating the ends of justice; but because such a decision was made, it by no means follows that when an injunction is maintained, damages of this description are to be allowed to the plaintiff in injunction. "Were we, in this instance, to give such damages on account of the supposed analogy between the two cases, we see no reason why we should not be called upon hereafter to alloW'them in every case; for the party enjoining the execution of an order of seizure and sale might be viewed as standing in the position of an' ordinary defendant. After a while the lawyer’s fees of every successful defendant would be claimed as a matter of course, and would become a part of the costs to be paid in every suit. This, we believe, would be contrary not only to law but to sound policy and justice; it would be closing the doors of our courts on a large class of suitors, who would not dare to assert their just rights, lest they should expose themselves to a heavy penalty, in case they should not be able to support their demands by sufficient evidence; or should fail to succeed [267] through some mistake or error on the part of their counsel, as has happened in the very case under consideration. Plaintiff’s injunction was maintained on the ground that the defendant had failed to make the affidavit required by law in all hypothecary actions in relation - to the preliminary demand to be made of his debtor. The taxed costs formerly allowed to the attorney of the successful party having been repealed we know of no law sanctioning the al *164 lowance of any thing beyond the ordinary costs of conrt to be paid by the party cast.
It is therefore ordered that the judgment of the district court be reversed ; and proceeding to give such judgment as in our opinion should have been rendered below, it is further ordered, that the injunction he rendered perpetual, and that defendant pay the costs of the court below; those of this appeal to he paid by the plaintiff and appellee.