## Wm. F. Flynn *v.* N. G. Rhodes et al.

When the defendant had no acknowledged domicil or residence in the parish in which he was sued, *held,* that the return of the Sheriff that he had left the copies of the petition and citation at defendant's place of residence in the parish with a white person over the age of fourteen years, "residing at said residence," was manifestly bad.

The judgment rendered against the defendant after default thereupon was null and void, as the defendant made no appearance in the cause.

Counsel fees in the suit to annul the judgment and enjoin its execution were properly disallowed to the plaintiff as damages.

APPEAL from the District Court of East Feliciana, *Ratliff,* J. Tried by a jury. *Bowman & Delee,* for plaintiff and appellant. *Muse & Hardee,* for appellees.

Spofford, J. This suit was brought to annul a judgment rendered against the plaintiff, upon default, without previous citation according to law ; it was accompanied by an injunction to restrain the defendants from proceeding with an execution which they had sued out under the judgment, and concluded with a prayer for damages.

The injunction was perpetuated without damages, and the plaintiff has appealed.

The plaintiff had no acknowledged domicil or residence in the parish of East Feliciana at the date of the pretended service of citation there. The service, as indicated by the return, was manifestly bad, and the judgment rendered against the plaintiff, after default thereupon, was null and void, as he made no appearance in the cause. The injunction was, therefore, properly made perpetual.

The plaintiff and appellant complains of various alleged irregularities in the rulings of the court *a qua,* and contends that the cause should be remanded for a new trial upon the question of damages.

If all the rulings complained of had been otherwise, and the rejected evidence admitted in its full extent, we do not think damages should have been awarded in this proceeding. The only damages suffered must have arisen from the seizure under the judgment and the necessity of enjoining it. As to the seizure, the extravagant conjectures of the plaintiff's witnesses are wholly unsupported by the facts. The costs of the suit have already been awarded to the plaintiff, under the authority of the cases of *Smith* v. *Bradford,* 17 L. 266, and *Hill* v. *Noe,* 4 An. 304. Counsel fees for prosecuting this suit was correctly disallowed.

Judgment affirmed, the appellant to pay the costs of appeal.