No. 758

First Circuit

CRAIN v. FEDERAL LAND BANK OF NEW ORLEANS

(March 3, 1931. Opinion and Decree.)

Ott & Rich, of Bogalusa, attorneys for plaintiff, appellee.

Ott & Johnson, of Franklinton, attorneys for defendant, appellant.

MOUTON, J. February, 1920, plaintiff executed a mortgage for $1,000 in favor of the Federal Land Bank, defendant in injunction, payable in thirty-five annual installments, for $65 each, the first falling due on the 15th day of February, 1921, the others annually thereafter.

The bank had the property on which the mortgage had been given seized under executory process. In its petition asking for the issuance of the executory proceedings, the bank averred that according to the stipulations of the act of mortgage, if plaintiff, Warren Oliver Crain failed to

promptly pay any installment due thereon as fixed in the act, or to do any other act in violation of the terms of the mortgage, in that event the entire note, in principal and interest, should ipso facto become due and payable.

The bank then alleges: "That the said Warren Oliver Crain has failed to pay the installment fixed in said act and due February 15th, 1930."

It is solely upon the alleged failure of plaintiff to pay this installment due on February 15, 1930, that the bank is asking judgment for the entire amount of the mortgage, as there is no complaint whatsoever that plaintiff had done any other act in violation of his obligations under the mortgage.

In the petition of the plaintiff, Warren Oliver Crain, for an injunction to arrest the executory proceedings, the only issue presented is that of the payment by plaintiff of the installment due on the mortgage on February 15, 1930.

The court therefore properly restricted the issue to the question of the payment of that installment, and correctly excluded all evidence to show any other alleged violation of the mortgage contract.

The injunction was obtained by plaintiff on the ground of payment under article 739, Code Prac. It is well settled that in such cases the evidence must be confined to the particular cause upon which the writ has been obtained as permitted under the provisions of that article. Williamson v. Richardson, 30 La. Ann. 1163; Hodgson v. Roth, 33 La. Ann. 941.

We understand from brief of learned counsel for the bank that they are not insisting that the court fell into an error in excluding the testimony to which we have hereinabove referred. Their complaint in this court is that the court erred in maintaining the plea of payment, and in perpetuating the injunction; also, in allowing attorney's fees, and other damages.

The record shows that four checks were sent to the bank by Miss Maude Crain, daughter of plaintiff. One on March 24, 1920, for $20; one for $20, April 2, 1930; another for $12.50, April 17, 1920; and the last one July 15, 1930, for $12.50. All these checks were endorsed by the bank.

In a letter dated June 5, 1930, addressed to Ollie Crain, Mr. English, assistant vice president of the bank, stated that Crain had already made two partial payments, and that $25.62 was required to put the loan in good standing.

At the time this letter was written the record shows that three checks, the third on April 17, 1930, had been sent to the bank by which it had been endorsed. These three checks amounted to the sum of $52.50, which left a balance of $12.50 on the installment of $65, which fell due February 15, 1930, and as to the payment of which is the issue presented for decision.

Miss Maude Crain testifies that when she received the letter from Mr. English written June 5, 1930, saying $25 was due on the installment, that she wrote him stating that she had sent a check for $12.50 and that the balance due was only $12.50. She testifies that the bank answered she was right, and the only amount owed was $12.50. Her testimony is that she thought her mother had destroyed that letter, and there is no proof in the record contradicting her evidence as to that fact. It therefore appears that when the letter from Mr. English, dated June 5, 1930, was written, the balance due on the install-

ment in question was only $12.50, and not $25, as claimed by the bank.

Thereafter, on July 15, 1930, a check was sent by Miss Maude Crain to the bank for $12.50 for the balance due on the $65 installment. Mr. English testifies that this check was received through the cashier's department, but had not been "identified with this particular loan." This is the reason he gives for not applying the check to the loan, and admits if it had been applied the installment would have been paid, with the exception of the interest. This check was cashed by the bank, but, says Mr. English, we wrote to find out to what loan that check was to apply, and upon finding out, reimbursed the check.

Mr. English says the bank has $65,000 loans, and that it has no loan in the name of Ollie Crain, the plaintiff's real name being Warren Oliver Crain. His testimony seems to indicate that this was the reason, or one of the reasons, why the check was unidentified, and was not applied to the loan.

The evidence is that the four checks, including the last for $12.50 sent in final payment, bear the "notation" of "Ollie Crain"; the last having the abbreviation, "Bal., added to Ollie Crain."

In addition thereto, Miss Maude Crain testifies that the checks sent the bank to cover the installments for the year previous were all written out in the same way, and that if the bank had experienced any trouble about identifying them, no complaint was ever made. It is unreasonable to believe that the last check was not applied to the $65 installment because of the inability of the bank to connect it with the loan. Such a conclusion is altogether unwarranted by the facts. It appears that the last check was sent July 15, 1930. There was a little delay in that respect, but it is accounted for by the fact that plaintiff had been held back in making this final payment by the adjustment with the bank about some timber which had been taken from the mortgaged land.

The very letter from Mr. English, June 5, 1930, says that the payment of $25 would put the loan in good standing. This had reference to the installment in question which had fallen due February 15, 1930, over three months before. It also appears on the reverse side of the mortgage note of the bank that payments were made thereon several months after the maturity of the installments. From such facts as these the clear inference is that the bank did not exact the payments at the dates fixed in the contract, and had no objections to deferred payments on the installments.

We therefore hold that the installment of $65 due February, 15, 1930, was paid when the executory proceedings were taken out by the bank.

Counsel for the bank contend that the interest on the installment had also to be paid at the time stipulated to constitute a full payment under the terms of the mortgage.

Plaintiff testifies that no demand was made for the interest on the installment in question. He is positive in that statement. Mr. English, on the other hand, is not positive that he made a demand for the interest on the installment, and we must say, judging from the tardy payments previously made on the installments and interest as appear from the evidence, that we are led to the conclusion that no demand was made for the interest, particularly must it be so held when it is considered that the interest then due amount-

.ed to the trivial sum of 67 cents when the $65 installment was finally paid by the last check of $12.50.

Hence, our conclusion is that the plea of payment alleged by Crain, plaintiff in injunction, has been established as was held below; and that the injunction was properly maintained.

Counsel for the bank contend that the lower court fell into error in granting attorney's fees and $25 for other damages.

In Smith v. Bradford, 17 La. 263, the court held that when an injunction is maintained against hypothecary or executory proceedings attorney's fees will not be allowed. In giving its reasons for denying the attorney's fees, the court aptly says that a party enjoining the seizure might be viewed as standing in the position of a party defendant. Reasoning from that standpoint, the court properly says, if these fees were allowed every successful defendant would claim them as costs to be paid in every suit.

In Neveu v. Voorhies, 14 La. Ann. 738, the court said that under the acts of 1831 and 1833 attorney's fees as special damages were allowed in case of dissolution of the injunction, but not when perpetuated. See also Flynn v. Rhodes, 12 La. Ann. 239.

In Fallin v. J. J. Stovall & Sons, 141 La. 234, 74 So. 911, 915, on rehearing, these decisions were affirmed in a case involving the same issue.

The decree for attorney's fees must therefore be reversed, and likewise the granting of $25 additional damages, as there is no evidence or law to support the judgment for that item.

It is therefore ordered, adjudged, and decreed that the part of the judgment decreeing damages for attorney's fees, and the other damages for $25, be reversed; that the demand for these damages and for attorney's fees be and is hereby denied; and that in other respects the judgment be affirmed; appellee to pay cost of appeal, those of the lower court be paid by the Federal Land Bank, defendant in injunction.