LABORDE, Judge.
Appellant, Gaynell A. Barnett, sued her previous husband, Herbert G. Barnett, Jr., appellee, for an increase in child support, past due support, contempt of court, and attorney fees. The trial court denied each of appellant’s demands and she applied for a new trial following which judgment was rendered in her favor making past due child support executory in the amount of $120;[1] all other demands were again denied.
Appellant appeals the lower court’s denial of an increase in child support. Our review of the record convinces us that the trial judge did not abuse his discretion in denying the request. Hence, we affirm.
The record shows that the litigants were divorced January 26, 1976. Custody of their daughter, Phyllis, was granted to ap *631 pellant and child support payments were fixed at $120 per month.
On November 3, 1980, the date of the hearing for increased child support, appellant, who had remarried and was separated from her second husband, introduced an affidavit showing her gross monthly income to be $644.60. Appellant estimated Phyllis’ needs to be $417 per month.
Appellee who had also remarried and had a small child of his second marriage introduced an affidavit which included his present wife’s monthly income of $800. Their combined gross income totaled $2,414.84 and deductions and monthly expenses totaled $2,336.42.
The trial judge concluded that “there was no showing that the father was in a better financial position to authorize an increase in the child support.”
The trial court has much discretion in fixing alimony and child support and the award will not be disturbed unless there is a clear abuse of discretion. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2nd Cir. 1979) and Vidrine v. Vidrine, 402 So.2d 793 (La.App. 3rd Cir. 1981).
Our review of the respective income and expenses of the litigants does not establish that there has been any abuse of discretion by the trial judge in denying appellant’s request for an increase in child support for Phyllis.
For the above and foregoing reasons the decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Appellee was under the impression that he did not owe the child support for February 1980, the one month period his daughter lived with him as requested by appellant.