EDWARDS, Judge.
Appellant, Judy Bankston Murphy, sued her previous husband, Glenn R. Murphy, appellee, for an increase in child support, contempt of court, past due alimony and child support, and attorney fees. The trial court awarded $550.00 in past due alimony and child support, but denied appellant’s other demands. We affirm.
BACKGROUND FACTS
The record shows that the parties were separated by judgment on December 11, 1981. Appellee was condemned to pay $150.00 a month for child support and $250.00 a month for alimony pendente lite. The parties were further prohibited from harassing or cursing each other.
During the next five months, appellee missed several payments, and allegedly harassed appellant. On May 21, 1982, appellant filed this suit, seeking $900.00 in past due alimony and child support, an increase in child support, attorney fees and a con *979 tempt citation against appellee for his harassment and failure to pay alimony and child support. Appellee filed a reconven-tional demand to terminate appellant’s alimony as of her remarriage on May 4,1982.[1] The trial court awarded appellant $550.00 in past due payments, but denied her other demands. Appellant’s alimony was terminated, with child support remaining at $150.00 a month. Appellant appeals all portions of this judgment.
CONTEMPT
Appellant contends that the trial court erred in not placing appellee in contempt for harassment and failure to pay alimony and child support. However, the testimony concerning appellee’s alleged harassment is conflicting. Also, there is further testimony suggesting that appellant refused appellee’s offer to pay past due alimony and child support. Therefore, based on the evidence in the record, we find no abuse of discretion by the trial court in denying appellant’s contempt demand.
PAST DUE ALIMONY AND CHILD SUPPORT
Appellant argues that the trial court erred in only awarding $550.00 instead of the $900.00 prayed for in her petition. However, appellant’s testimony on cross-examination reveals that appellee was only in arrears for $550.00 of alimony and child support. Accordingly, we find no error or abuse of discretion by the trial court.
INCREASE IN CHILD SUPPORT
Appellant urges that the trial court erred in refusing to increase child support payments from $150.00 to $300.00 a month. However, appellant has failed to show circumstances that would justify an increase in child support payments.
Prior to appellant's remarriage, she had no earnings of her own. But, her new husband earns approximately $1,760.00 gross income a month. Additionally, appellant receives $100.00 a month child support from another ex-husband. Although appellant testified that her present family expenses total $1,925.00, no itemized list of this amount appears in the record. Our review of the record does not establish that there has been an abuse of discretion by the trial court in denying appellant’s request. Barnett v. Barnett, 405 So.2d 630 (La.App. 3rd Cir.1981).
ATTORNEY FEES
Appellant contends that she is entitled to attorney fees under R.S. 9:305, which provides:
“When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.” (Emphasis added)
However, in this case, certain testimony by the parties indicates that the appellant refused appellee’s offer to pay the past due amounts. This is a sufficient “good cause” under the statute to deny attorney fees. We find no abuse of discretion in the trial court’s denial of appellant’s request for attorney fees. James v. Spears, 372 So.2d 617 (La.App. 1st Cir.1979).
DECREE
Accordingly, for the reasons expressed, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED,

. The parties were divorced by an Arkansas judgment on April 21, 1982.