| .CHEHARDY, Judge.
In this breach of contract case, after a bench trial, the trial court ordered the defendant-contractor to pay the plaintiff $1,850.00 in damages and to pay the defendant-subcontractor $5,000.00 in attorney’s fees. For the following reasons, we affirm in part and reverse in part.
This matter arose out of a public works construction contract for repairs and renovations to the John L. Ory and LaPlace Elementary Schools in St. John the Bap *238 tist Parish. Defendant J. Caldarera & Company, Inc., hereafter Caldarera, was the general contractor for the project. Caldarera subcontracted some concrete work on the project with defendant Gill Construction Company, Inc., hereafter Gill. In turn, Gill subcontracted some concrete work with Cajun Concrete Services, Inc., hereafter, Cajun.
During the project, problems arose with regards to some of the work performed by Gill and Cajun. Additionally, Cajun agreed to perform curative work which was outside of its original contracted work.
Prior to filing the notice of substantial completion in August of 1995, Caldarera paid Gill amounts due under the subcontract which were not in dispute. Calda-rera |awithheld (“backcharged”) a portion of the contract price from the amount it paid Gill. In turn, Gill did not pay Cajun in full for Cajun’s services.
Cajun filed a labor and material lien in St. John the Baptist Parish against Calda-rera, and thereafter filed the instant suit on October 30, 1995, seeking recovery from Gill and/or Caldarera for work Cajun alleged to have performed without remuneration. Caldarera and Gill cross-claimed each other and Gill also filed a counter-claim against Cajun.
The matter proceeded to a bench trial on February 8-9, 1999. After taking the matter under advisement, on March 31, 1999, the trial court rendered judgment, finding, inter alia, that Caldarera owed Cajun $1,850.00, half of an amount the trial court found to be a reasonable charge by Cajun for performing curative work not part of its original contract. Thereafter, Gill filed a motion for the trial court to award attorney’s fees against Caldarera. After a hearing on May 7, 1999, the trial court rendered judgment on May 10, 1999, awarding Gill $5,000.00 in attorney’s fees.
Caldarera has appealed, asserting two assignments of error: that “the trial court erred in dismissing Caldarera’s claim for indemnity against Gill for the amounts in which Caldarera was cast in judgment to Cajun [$1,850.00], and primarily in first failing to dismiss Cajun’s claim against Caldarera based upon an improper lien and lack of privity;” and that the trial court abused its discretion in awarding attorney’s fees to Gill.
With regards to its first assignment of error, Caldarera argues that the trial court held in its reasons for judgment that there was no proven contractual relationship between Cajun and Caldarera, and that, “absent privity of contract, the only way that the trial court could have found Caldarera liable to Cajun was by virtue of Cajun’s lien, which entails that the work of Cajun in question was performed pursuant to Gill’s contract with Cajun.” We disagree.
14At trial, Harold LeBlanc, the owner and president of Cajun testified about the work performed by his company. He also testified regarding the curative work, which was not part of Cajun’s original contract. LeBlanc testified that he and Henry A. “Skip” Gill (hereafter Skip), the owner of Gill Construction, agreed to have Cajun perform the curative work on a “time and materials” basis. LeBlanc further testified that when he and Skip inspected the concrete slab which needed the curative work, it appeared to him that the slab only required “some minor grinding and skimming,” and that Cajun would be able to complete the work for substantially less than the $3,700.00 that another subcontractor, Rug and Carpet, had quoted. However, once Cajun began the work, a supervisor with Caldarera instructed Cajun employees to make the slab level, a more detailed process than originally envisioned. LeBlanc testified that this process “required a lot more time and a lot more materials to achieve that zero zero elevation that they were looking for.”
LeBlanc further testified that he was unaware of the extensive work being performed by his crew on the slabs until an invoice was being prepared for the work, when he realized that the time was “excessive.” LeBlanc called Skip and advised *239 that Cajun’s bill was already over $5,000.00. Skip then told LeBlanc to stop work on the slabs. Cajun thereafter submitted an invoice for the work totaling $5,457.49.
Upon review of the trial transcripts and the trial court’s reasons for judgment, it is clear that the trial court found that Calda-rera (as the general contractor) and Gill (as the subcontractor in charge of the concrete work in question) were equally responsible for this curative work performed by Cajun. It is also clear that the trial court made the factual determination, based on the testimony of LeBlanc and Cajun’s superintendent, Joseph Marsell, that an employee of Caldarera directed Cajun to perform a more detailed process than was envisioned by LeBlanc and Skip. Therefore, the trial court found that Cal-darera should be responsible for one half of the amount the court found to be a | ^reasonable charge, which was substantially less that the amount LeBlanc testified was actually incurred by Cajun for performing the work.
It is well settled that a factual finding by the trial court will not be disturbed on review absent an abuse of discretion or unless it is clearly wrong. Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). After our review, we find that the trial court’s determination that Caldarera was responsible for one half of $3,700.00 for the curative work was a reasonable finding, and not manifestly erroneous. Accordingly, that portion of the trial court’s March 31, 1999 judgment is affirmed.
With regards to Caldarera’s second assignment of error, that the trial court erred in awarding $5,000.00 in attorney’s fees to Gill, Caldarera argues that Gill is not entitled to attorney’s fees pursuant to La. R.S. 38:2191 because the statute does not apply to this situation. We agree.
In its post-trial motion requesting that the trial court award attorney’s fees, and in its appellate brief herein, Gill argues that pursuant to its contract with Calda-rera, admitted into evidence as Exhibit C-3, Gill can recover attorney’s fees from Caldarera if Caldarera fails to pay Gill on a timely basis. It is not disputed that there are no provisions for attorney’s fees anywhere in the contract between Calda-rera and Gill. Instead, Gill argues that pursuant to paragraph 11.1.1 of the contract, Gill can assume the position of Cal-darera and assert a claim for attorney’s fees against Caldarera if not timely paid, just as Caldarera could have done against the St. John the Baptist Parish School Board if not timely paid by the Board.
According to the contract between Cal-darera and Gill, Caldarera is considered the “Contractor,” Gill is considered the “Subcontractor” and the St. John the Baptist Parish School Board is considered the “Owner.” Paragraph 11.1.1 provides in pertinent part that Gill has “the benefit of all rights, remedies and redress against the Contractor which the Contractor, by those [Contract] Documents [between the Owner and Contractor], has Ragainst the Owner, ...” Gill’s argument follows that those rights include asserting a claim for attorney’s fees pursuant to La. R.S. 38:2191 B, which provides: “Any public entity failing to make any final payments after formal final acceptance and within forty-five days following receipt of a clear lien certificate by the public entity shall be liable for reasonable attorneys fees.” Upon review, we find this statute to be inapplicable to the situation before us today.
It is clear from the record and from the trial court’s reasons for judgment after trial that some of Gill’s work on the project was substandard. A dispute over how much Gill, and in turn, Cajun, were due as a result of their unsatisfactory work is what prompted this lawsuit. Clearly, and as recognized by the trial court, Caldarera had valid defenses for withholding some of the funds Gill argued were due under the contract. This is not a situation where Gill had completed all its work in a satisfactory *240 fashion, Caldarera accepted all of Gill’s work as being satisfactory, but withheld payment to Gill anyway.
Moreover, we do not believe that this general language in paragraph 11.1.1 of the contract bestows upon Gill the position of contractor and in turn places Caldarera in the position of the “Owner” with regards to the collection of attorney’s fees. This is especially true in this instance, where the statute sought to be applied requires a public body to withhold funds after formal final acceptance and the receipt of a clear lien certificate, a scenario which is inapplicable to the relationship between Caldarera and Gill.
Attorney’s fees are not recoverable unless authorized by contract or statute. Bieber-Guillory v. Aswell, 98-559 (La.App. 3 Cir.12/30/98), 723 So.2d 1145, 1151, citing Rhodes v. Collier, 215 La. 754, 41 So.2d 669 (La.1949). An award of attorney’s fees is, in essence, a type of penalty. Attorney’s fees are not awarded to make the injured party whole, but rather to discourage a particular activity or activities on the part of the|7other party. Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97) 696 So.2d 1382, 1386.
The trial court is vested with much discretion in determining the amount of the attorney’s fees award, and the amount should not be disturbed on appeal absent an abuse of discretion. Times Picayune Pub. Corp. v. New Orleans Aviation Bd., 99-237 (La.App. 5 Cir.8/31/99), 742 So.2d 979, 985, citing Adams v. Franchise Finance Corp. of America, 96-855 (La.App. 3 Cir.2/5/97), 689 So.2d 572, writ denied 97-0604 (La.4/18/97), 692 So.2d 456. However, in the matter before us, because the recovery of attorney’s fees is not provided in the contract between Caldarera and Gill, and because the clear wording of La. R.S. 38:2191 makes it inapplicable to the situation before us today, we find that the trial court legally erred in awarding attorney’s fees to Gill.
Accordingly, for the foregoing reasons, the portion of the trial court’s March 31, 1999 judgment which awarded $1,850.00 to Cajun is hereby affirmed. Further, the trial court’s May 10, 1999 judgment awarding attorney’s fees to Gill is hereby reversed. Costs herein are assessed equally among the parties.

AFFIRMED IN PART AND REVERSED IN PART.