McDonald, j.
Lin this appeal, a risk retention group challenges a judgment denying its motion to tax costs and legal fees against plaintiffs whose direct action claims against the group had previously been ordered to proceed to arbitration. We convert the appeal to an application for supervisory writs and affirm:
FACTUAL AND PROCEDURAL BACKGROUND
Ronald and Angela Courville filed a petition for medical malpractice damages against Thomas J. Rathmann, D.C., a chiropractor; Rathmann-Keogh Chiropractic Clinics, L.L.C (Clinic); as well as a direct action against Allied Professionals Insurance Company, A Risk Retention Group, Inc. (APIC), Dr. Rathmann’s liability insurer. APIC filed a motion to compel arbitration and to stay the proceedings, based on its contract with Dr. Rathmann, which required that all claims involving APIC be resolved by binding arbitration in Orange County, California. The trial court signed a judgment on February 4, 2013, granting APIC’s motion to compel arbitration and staying the proceedings. The Courvilles appealed. In our prior opinion, Courville v. Allied Professionals Ins. Co., 13-0976 (La. App. 1 Cir. 6/5/15), 174 So.3d 659, 673, writ denied, 15-1309 (La. 10/30/15), 179 So.3d 615 (Courville I), we affirmed the February 4 judgment insofar as it ordered arbitration of the Courvilles’ claims against APIC and ordered arbitration between APIC, Dr. Rathmann, and/or the Clinic; reversed the judgment insofar as it ordered arbitration between the Courvilles, Dr. Rathmann, and/or the Clinic; and, lifted the stay.
Later, APIC filed a motion to tax over $62,000 in costs and attorney fees against the Courvilles based on APIC’s contract with Dr. Rathmann, which allowed any party forced to seek a court order compelling arbitration to recover such costs and fees. After a hearing, the trial court signed a judgment on April 26, 2016, denying APIC’s motion, and APIC appealed.[1] After the appeal was lodged, this court issued a rule to show cause, noting that the April 26 judgment appeared to be non-appeal-able. Another panel of this court referred the rule to this panel for decision, which we now address before reaching the merits.
^DISCUSSION

Appealability of the April 26, 2016 Judgment

A costs judgment may constitute a separately appealable judgment, when rendered after a judgment on the merits. Mack v. Wiley, 07-2344 (La.App. 1 Cir. 5/2/08), 991 So.2d 479, 486, writ denied, 08-1181 (La. 9/19/08), 992 So.2d 932. Here, there is no judgment on the merits between the Courvilles and APIC, because the trial court’s February 4, 2013 judgment did not decide the merits but instead ordered the parties to arbitration. The judgment did not dismiss the Courvilles’ claims against APIC. And, although the Courville I court affirmed the February 4 judgment ordering arbitration, the Courvilles’ claims against APIC have never been dismissed. Contrast Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 89, 121 S.Ct. 513, 521, 148 L.Ed.2d 373 (2000) (concluding that when the district court has ordered the parties to arbi *147 tration, and dismissed all the claims before it, 'the district’s court’s decision is final within the meaning of federal arbitration law and therefore appealable). Thus, because the April 26 judgment was not rendered after a final judgment on the merits, it is not a separately appealable judgment.
This Court has discretion, however, to convert an appeal to an application for supervisory writs, if the appeal would have been timely had it been filed as a writ application. See LSA-C.C.P. art. 1914; URCA Rule 4-3; Stelluto v. Stelluto, 05-0074 (La. 6/29/05), 914 So.2d 34, 39. In this case, the trial court signed the judgment denying costs on April 26, 2016, and notice of the judgment was sent the same day. APIC filed its motion for appeal on May 20, 2016. Because the appeal was filed within 30 days of the notice, we exercise our discretion to consider the motion for appeal as a timely-filed application for supervisory writs under URCA Rule 4-3. We now turn to the merits of APIC’s writ application.

APIC’s Motion to Tax Costs and Legal Fees to Courvilles

APIC claims that the trial court erred by denying its motion to tax costs and legal fees to the Courvilles. APIC argues that both the trial court and this court found the contractual arbitration provision between Dr. Rathmann and APIC enforceable against the Courvilles and that this very same arbitration provision allows APIC to ¡¿recover its costs and legal fees. In opposition, the Courvilles argue that the Courville I court found the arbitration provision enforceable only because federal law preempts state law regarding arbitration agreements as they relate to foreign risk retention groups such as APIC. According to the Courvilles, the fact that the arbitration provision is valid does not necessarily mean the attorney fee provision is valid. They argue the attorney fee provision is not valid against them, because they are not parties to the contract between APIC and Dr. Rathmann.[2] In Courville I, we concluded the federal Liability Risk Retention Act of 1986, 15 U.S.C. § 3901 et seq. (LRRA), preempted two Louisiana statutes: LSA-R.S. 22:868, which prohibits arbitration provisions in insurance contracts, and LSA-R.S. 22:1269, the Direct Action Statute, which allows direct actions against insurers. Consequently, based on this federal preemption, the Courvilles could not bring a direct action against APIC, a risk retention group chartered in Arizona, but were instead required to arbitrate their claims against APIC. Courville I, 174 So.3d at 673. We now decide whether the attorney fee provision in APIC’s contract with Dr. Rathmann can be enforced against the Courvilles.
The arbitration provision in APIC’s contract with Dr. Rathmann provides:
C. Arbitration. All disputes or claims involving [APIC] shall be resolved by binding arbitration, whether such dispute or claim arises between the parties to this Policy, or between [APIC] and any person ... who is not a party to the Policy but is claiming rights either under the Policy or against [APIC].... If any party seeks a court order compelling arbitration under this provision, the prevailing party in such motion ... shall recover all reasonable legal fees and costs incurred thereby and in any subsequent appeal, and in any action to collect the fees and costs.
*148 The Courvilles are not parties to the contract between APIC and Dr. Rath-mann. Generally, arbitration is a matter of contract and a party cannot be required to subipit to arbitration any dispute which, he has not agreed to so submit. Snyder v. Belmont Homes, Inc., 04-0445 (La.App. 1 Cir. 2/16/05), 899 So.2d 57, 63, writ denied, 05-1075 (La. 6/17/05), 904 So.2d 699. And, even though a non-signatory to a contract containing an arbitration provision may be bound by that provision under certain IfiCircumstances,[3] such does not necessarily require that the Courvilles pay attorney fees to APIC in this case. The trial court denied APIC’s motion to tax costs and attorney fees, because the Courvilles- were hot parties to APIC’s contract with Dr. Rathmann. A trial court’s determination that a party is entitled to attorney fees is a legal, determination. See Cajun Concrete Services, Inc. v. J. Caldarera & Co., Inc., 99-1205 (La.App. 5 Cir. 4/12/00), 759 So.2d 237, 240. We review the denial of the motion under the abuse of discretion standard of review. See Guidry v. State Farm Mut. Auto. Ins. Co., 99-0383 (La.App. 3 Cir. 12/8/99), 759 So.2d 95, 98; Murphy v. Murphy, 432 So.2d 978 (La. App. 1 Cir. 1983).

Louisiana Policy Regarding Arbitration, Direct Actions, and Attorney Fees

In Louisiana, compulsory arbitration provisions in insurance contracts are prohibited as a matter of public policy because they operate to deprive Louisiana courts of jurisdiction over actions against the insurer; further, such provisions deny Louisiana citizens of free access to its courts, a right guaranteed by the state’s constitution. LSA-Const. Art. I, § 22; LSA-R.S. 22:868(A)(1)(2); Hobbs v. IGF Ins. Co., 02-26 (La.App. 3 Cir. 10/23/02), 834 So.2d 1069, 1071, writ denied, 02-2869 (La. 1/31/03), 836 So.2d 71; also see Dore v. Shelter Mut. Ins. Co., 13-0545 (La.App. 1 Cir. 11/1/13), 2013 WL 5915141, *2, n.2 (unpublished).
Also, in Louisiana, our legislature has mandated that liability insurance contracts, within their terms and limits, are executed for the benefit of all injured persons to whom the insured is liable, not just to the insured himself. LSA-R.S. 22:1269(D). Thus, Ras a matter of policy, our Direct Action Statute expressly gives an injured person a direct action against the insurer of the party who 'injured him, *149 even though the injured person has no contractual privity with the insurer. LSA-R.S. 22:1269(B)(1).
Next; under Louisiana law, attorney fees are recoverable only where specifically authorized by statute or contract. Campbell v. Melton, 01-2578 (La. 5/14/02), 817 So.2d 69, 80; Wilson v. Two SD, LLC, 15-0477 (La.App. 1 Cir. 12/23/15), 186 So.3d 159, 162, writ denied, 16-0306 (La. 4/8/16), 191 So.3d 588; Accusess Environmental, Inc. v. Walker, 15-0008 (La.App. 1 Cir. 12/17/15), 185 So.3d 69, 75, 78. An award of attorney fees is a type of penalty imposed not to make the injured party whole but'rather to discourage certain behavior on the part of the opposing party. Langley v. Petro Star Corp. of La., 01-0198 (La. 6/29/01), 792 So.2d 721, 723; Sharbono v. Steve Lang & Son Loggers, 97-0110 (La. 7/1/97), 696 So.2d 1382, 1386. Also, Louisiana’s disfavor of attorney fee awards reflects a public policy that routinely awarding attorney fees to a prevailing party could possibly close the doors of our courts to a large class of litigants, “who would not dare assert to their just rights' lest they should expose themselves to a heavy penalty” of attorney fees. See Smith v. Bradford, 17 La. 263, 266 (1841). Because attorney fee awards are punitive in nature, they are not favored and should be made only in cases that are clear and free from doubt. Ferrier v. Jordache-Ditto’s, 94-1317 (La.App. 3 Cir. 5/17/95), 662 So.2d 14, 20, wit denied, 95-2865 (La. 2/2/96), 666 So.2d 1100; Texas Industries, Inc. v. Roach, 426 So.2d 315, 317 (La. App. 2 Cir. 1983).
In this case, APIC’s contract with Dr. Rathmann contains a compulsory arbitration provision and allows APIC to recover costs and legal fees for having to compel arbitration. The enforcement of this provision against the Courvilles, who are not parties to the contract, is contrary to LSA-R.S. 22:868’s anti-arbitration policy, is, contrary to LSA-R.S. 22:1269’s direct action policy, and conflicts with Louisiana’s disfavor for attorney fees.-But, as explained in Courville I, federal preemption stops us from upholding the anti-arbitration policy; stops us from upholding the direct action policy; and forces the Cour-villes to arbitrate their claims against APIC in California. See Courville I, 174 So.3d at 673. This federal preemption, however, does not change the |7fact that these strong Louisiana public policies still exist. The State of Louisiana remains hostile to compulsory arbitration provisions in insurance contracts- and still favors direct actions against insurers. The use of an attorney fee award to penalize injured persons for resisting arbitration against an insurer enables the enforcement of two already disfavored policies (forced arbitration and no direct action) with yet a third disfavored and punitive tool (attorney fees). Further, the punitive purposes of attorney fees are not warranted against the Courvilles in this case; their right to assert tort claims against Dr. Rathmann’s insurer should not be discouraged. We refuse to allow an attorney fee provision to give additional punitive effect to a compulsory arbitration clause, which is in itself against Louisiana public policies.
Further, we note the competing equities involved in this case. APIC argues that the Courvilles cannot sue to enforce APIC’s contract with Dr. Rathmann yet seek to avoid the arbitration provision in- that same agreement. This argument is based on “direct benefits” estoppel and precludes a non-signatory from relying on the contract when it works to his advantage and then repudiating the contract when it works to his disadvantage. Lakeland Anesthesia, Inc. v. United Healthcare of Louisiana, Inc., 03-1662 (La.App. 4 Cir. 3/17/04), 871 So.2d 380, 394, writ denied, *150 04-0969, 0972 (La. 6/25/04), 876 So.2d 884; also see Authenment v. Ingram Barge Co., 878 F.Supp.2d 672, 681 (E.D. La. 2012). Contrast Hansford v. Cappaert Manufactured Housing, 40, 160 (La.App. 2 Cir. 9/21/05), 911 So.2d 901, 906, writ denied, 05-2338 (La. 3/17/06), 925 So.2d 542 (“An agreement to arbitrate a dispute with one party cannot encompass disputes against another party when the second party is not mentioned in the written agreement.”)
On the other hand, although parties to a contract are free to provide for attorney fees in their contract (see LSA-C.C. art. 1971), the Courvilles are not parties to APIC’s contract with Dr. Rathmann and did not bargain for arbitration or for the attorney fee provision. When they filed suit in district court, the Courvilles sought to assert a just claim against Dr. Rath-mann for injuries he allegedly caused them. What began as an ordinary tort suit by Louisiana citizens in a Louisiana court against a Louisiana tortfeasor became a procedural battle over the provisions of a contract the Courvilles did not | snegotiate, did not sign, and did not know existed until after suit was filed. And, all of which ultimately compelled them to forego their access ’ to court and to pursue their claim against an Arizona insurer before an arbitrator in California. Notably, the linchpin for the equitable estoppel principle is equity—fairness. Grigson v. Creative Artists Agency L.L.C., 210 F.3d 524, 528 (5th Cir. 2000), cert. denied, 531 U.S. 1013, 121 S.Ct. 570, 148 L.Ed.2d 488 (2000). In this case, it appears inherently inequitable to subject the Courvilles to the payment of over $62,000 in costs and legal fees for resisting the terms of an onerous contract to which they were not parties.
In sum, Louisiana has public policies: (1) against compulsory arbitration provisions in insurance contracts; (2) in favor of direct actions against liability insurers; and (3) against the recovery of attorney fees unless specifically authorized by statute or contract. In this case, federal preemption precludes the enforcement of two of these public policies. Although we are bound by the federal preemption, under the facts of this case, we refuse to allow the enforcement of a provision in a contract against a non-signatory to that contract when to do so would allow the violation of all three of these Louisiana policies. We see no abuse of the trial court’s discretion in denying APIC’s motion to tax costs and attorney fees to the Courvilles.
CONCLUSION
For the foregoing reasons, we convert the appeal to an application for supervisory writs, grant the writ, and affirm the trial court’s April 26, 2016 judgment. Costs of this appeal are assessed to Allied Professional Insurance Company, A Risk Retention Group, Inc.
APPEAL CONVERTED TO WRIT; JUDGMENT AFFIRMED.

. APIC also timely filed a notice of intent to seek supervisory writs, and although it received a return date, APIC but did not file a writ application with this court. Also, the Courvilles assert in brief that they filed an answer to APIC’s appeal, but no such answer was filed with this court.

. The Courvilles also argue that APIC waived its right to attorney fees against them by failing to assert a claim for such in the underlying suit. Based on our resolution of the appeal on other grounds, we need not address the waiver argument.

. A non-signatory to a contract containing an arbitration provision may be bound by that provision under accepted theories of agency or contract law. Green v. Regions Banks, 13-0771 (La.App. 1 Cir. 3/19/14), 2014 WL 3555820 *6 (unpublished); Gunderson v. FA. Richard & Assoc., Inc., 05-917 (La.App. 3 Cir. 8/23/06), 937 So.2d 916, 921; Prasad v. Bullard, 10-291 (La.App. 5 Cir. 10/12/10), 51 So.3d 35, 40. When a signatory to a contract . requiring arbitration seeks to compel a non-signatory to arbitrate a dispute, federal jurisprudence has required the signatory to establish that the non-signatory derived a direct ,- benefit from the contract. Lakeland Anesthesia, Inc. v. United Healthcare of Louisiana, Inc., 03-1662 (La.App. 4 Cir. 3/17/04), 871 So.2d 380, 394, writ denied, 04-0969, 0972 (La. 6/25/04), 876 So.2d 834. "Direct benefit” estoppel applies when a non-signatory plaintiff sues to enforce a contract containing an arbitration provision yet seeks to avoid the arbitration provision in that same agreement. Id. The non-signatory cannot have it both ways; he cannot rely on the contract when it works to his advantage and then repudiate the contract when it works to his disadvantage. Green, 2014 WL 3555820 *6; also see Authenment v. Ingram Barge Co., 878 F.Supp.2d 672, 681 (E.D. La. 2012). On the other hand, when the non-signatoiy’s claims are not associated with the enforcement of the contract containing the arbitration provision, the non-signatory is not bound to arbitrate those claims. Billieson v. City of New Orleans, 02-1993 (La.App. 4 Cir. 9/17/03), 863 So.2d 557, 562, writ denied, 04-0563 (La. 4/23/04), 870 So.2d 303; Lakeland Anesthesia, Inc., 871 So.2d at 394-95.